UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SHAWANDA V COLLINS individually
And as Administrator of the Estate of
Veronica Lee Collins Dixon,

        Plaintiff,

v.                                            Case No. 24-cv-0490-bhl

ADVOCATE AURORA HEALTH INC, et al,

        Defendants.

---

### SCREENING ORDER

---

On April 24, 2024, Plaintiff Shawanda V. Collins, proceeding *pro se*, filed a complaint against Advocate Aurora Health, Inc. (Aurora),[1] the Centers for Medicare & Medicaid Services (CMS), the Wisconsin Department of Health Services (DHS), and nineteen individuals allegedly employed by those entities. The complaint asserts eleven claims for violations of federal and Wisconsin law, all stemming from the death of Plaintiff's mother, Veronica Lee Collins Dixon. (ECF No. 1.) Although Collins is not seeking to proceed in forma pauperis—she has paid the full filing fee—the Court has the authority to screen her complaint. *See Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) (citing 28 U.S.C. § 1915(e)(2)(B)). Because Collins has failed to state any cognizable claims that are within this Court's jurisdiction, her complaint will be dismissed *without prejudice.*

#### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim

---

[1] Collins names "Advocate Aurora Health Inc (Medical Centers)" as the lone Aurora defendant but makes allegations throughout the complaint against Aurora St. Luke's Medical Center and Aurora Sinai Medical Center. The Court will treat all of these entities as "Aurora" for the purpose of this order.

showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT[2]

Collins brings this complaint individually and as administrator of the estate of her deceased mother, Veronica L. Collins Dixon. (ECF No. 1 ¶1.) Dixon passed away on or around August 8, 2021, after receiving deficient medical care at Aurora St. Luke's Medical Center and Aurora Sinai Medical Center, where she was subjected to "excessive radiology imaging" and "organ damaging medications," was treated in unsanitary conditions, and was not provided with sufficient nutrition. (*See id.* ¶¶18–30, 39.) To prevent Collins from visiting her mother prior to her passing, Aurora staff falsely accused Collins of threatening to "SHOOT UP the hospital" and then altered Dixon's medical records to cover up their actions. (*Id.* ¶¶61-62.)

Aurora has no record of ever being accredited by "the Joint Commission," and has been fraudulently submitting Medicare and Medicaid claims from 1990 to 2022. (*Id.* ¶¶71-73.) It has

---

[2] The Court accepts the allegations in the complaint as true at screening. *See Perez v. Fenoglio*, 792 F.3d 768, 774 (7th Cir. 2015).

"submitted fraudulent documents to many organizations to gain membership using the Joint Commission as their accrediting agency." (*Id.*)  CMS and DHS have "failed in their duty to protect hospital patients from harm" "through processes, procedures, and instruction manuals." (*Id.* ¶¶91, 99.)  These failures have disproportionately affected African Americans.  (*Id.* ¶¶92–95.)

Based on these factual allegations, Collins asserts eleven causes of action against twenty-two named defendants.  She asserts three claims, Counts I, II, and VI, under 42 U.S.C. § 1983 for violations of her own and her mother's Fifth, Eighth, and Fourteenth Amendment rights.  Collins also makes claims under the Federal Tort Claims Act, Counts III, VIII, and XI.  She alleges two violations of 18 U.S.C. § 1365, a federal criminal statute that prohibits tampering with consumer products (Counts IV and V), and a single violation of the False Claims Act (Count VII).[3]  Finally, Collins asserts violations of the Federal Corrupt Practices Act (Count IX) and "WI Statute 480 Practice Medicine Organization" (Count X).  Collins asks for declarative and injunctive relief. (*Id.* at 13–14, 16.)   She also requests "Actual, Consequential, Punitive, Compensatory, Companionship, Familial Association, Emotional Support, [and] Survivor" damages.  (*Id.*)

Collins makes these claims against a host of named defendants, including Aurora and members of its staff, Zia Z. Turgut, Felisa Antonchorgy, Michael T. Cicero, Kern Reid, Al Bugazia, Mounika Paravastu, Abdul Hafeez Qureshi, Elizabeth Hafemann, Hope Borland, and Ann M. Paprocki.  (*Id.* ¶¶7, 9.)  She also names CMS and its employees Tamra Swistowiczis, Michele Stickell, Adebola Akinyemi, Emma Allen, Ariel Kennedy, and Lindsey Hoffman. (*Id.* ¶¶5, 10.)  Finally, Collins purports to sue DHS and its employees Kelly Terrab and Ashley Ayres. (*Id.* ¶¶6, 11.)  The complaint is not always clear on which claims are being brought against which defendants, but the Court will try to infer as best as it can the intended defendant(s) for each theory of liability.

## ANALYSIS

Curiously, Collins does not assert claims for state law negligence and medical malpractice, although the underlying facts alleged suggest these might be the most viable theories.  Instead, as explained below, Collins has chosen to pursue a series of claims that do not apply to the scenario she has alleged and are not supported with plausible factual allegations.  As a result, the Court has

---

[3] Collins mislabels Count VII as a second "Cause of Action VI," leading to numbering errors in the remainder of her complaint.

no choice but to dismiss her complaint. In doing so, the Court encourages Collins to reconsider her approach and perhaps retain counsel to help her pursue state law tort claims in state court.

As an initial matter, Collins's attempt to sue on behalf of her mother's estate *pro se* is a problem. "Although individuals have a right to proceed pro se, administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate." *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (citations omitted). Consequently, only in rare circumstances can an administrator of an estate represent that estate without an attorney; such representation is appropriate only if the administrator is the estate's only beneficiary. *Id.* Collins's complaint does not allege that she is the sole beneficiary of her mother's estate. This significant procedural hurdle requires dismissal of many of Collins's claims.

Collins also fails in her efforts to assert constitutional violations under Section 1983. (ECF No. 1 ¶¶31–45, 65–67.) These claims are based on allegations of improper conduct by Aurora and its employees, but these are not proper defendants for constitutional violations. Aurora is a private entity and its employees are private actors. It is a fundamental principle that the Constitution constrains government actions and thus claims for constitutional violations generally require evidence that a defendant acted under color of state law. *See* 42 U.S.C. § 1983; *Gibson v. City of Chicago*, 910 F.2d 1510, 1513–14 (7th Cir. 1990). Nothing in the complaint plausibly suggests that Aurora—a private, nonprofit health care entity—or its employees acted under color of state law. *See Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (noting that a private entity can only be sued for constitutional violations when "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself") (quoting *Jackson v. Metro. Edison Co.*, 419 U.S., 345, 351 (1974)). Collins merely alleges that Aurora provides Medicare and Medicaid services and receives funding from state or federal governments, but that is insufficient to establish state action. *See id.* at 1011–12.

Nor can Collins assert Section 1983 claims against the only governmental entities she sues —CMS and DHS. (*See* ECF No. 1 ¶¶99, 116.) CMS is a federal agency that cannot be sued under Section 1983. *See District of Columbia v. Carter*, 409 U.S. 418, 424–25 (1973). And DHS is a state agency, which is not a "person" who can be sued under Section 1983. *See Will v. Mich. Dept. of State Police*, 491 U.S. 58, 63–64, 70–71 (1989). The closest Collins comes is naming two DHS employees (Kelly Terrab and Ashley Ayres) as defendants, but she does not allege any actions by

Terrab or Ayres that could form the basis for a constitutional violation. Accordingly, her Section 1983 claims cannot survive screening.

Collins's Federal Tort Claims Act claims are also problematic. The Tort Claims Act authorizes civil suits in federal court against the United States in limited circumstances, where torts are committed by federal employees. 28 U.S.C. §§ 1346(b), 2674. But the claims must be brought *against the United States*, and Collins has not purported to sue the federal government. *See* § 1346(b); *Jackson v. Kotter*, 541 F.3d 688, 690 (7th Cir. 2008). More importantly, the claims must be based on the tortious actions of federal employees. § 1346(b)(1); *see also Palay v. United States*, 349 F.3d 418, 425 (7th Cir. 2003). None of the named defendants is a federal employee. Collins alleges that Aurora St. Luke's Medical Center and Aurora Sinai Medical Center are subject to the Act because they receive federal funding, but this is legally insufficient. *See* 42 U.S.C. §§ 233(g), 254b. She names DHS, but it is an agency of the State of Wisconsin, not a federal employee. Collins's FTCA claims must therefore also be dismissed at screening.

Collins fares no better by invoking 18 U.S.C. § 1365, a federal criminal statute that prohibits tampering with consumer products. Nothing in the complaint suggests any conduct by any of the defendants that would have violated this statute. And, even if the complaint contained such allegations, this is a criminal statute, not a basis for a civil lawsuit. *See Chapa v. Adams*, 168 F.3d 1036, 1037–38 (7th Cir. 1999). It is for the United States Attorney, not Collins, to pursue any statutory violations. Collins simply has no standing to assert claims against any of the defendants (or anyone else) pursuant to this criminal statute. *See id.* These counts must also be dismissed.

Collins's attempt to assert a claim under the *qui tam* provision of the False Claims Act, 31 U.S.C. § 3730(b), also fails. A person filing a *qui tam* action must follow certain procedural rules prior to filing suit. Among other things, a *qui tam* action must be filed under seal, and it must be brought on behalf of the United States. 31 U.S.C. § 3730(b)(1)–(2). Collins has done neither. Collins's status as a *pro se* litigant also dooms this effort. A litigant cannot proceed as relator without the assistance of counsel. *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 852 (7th Cir. 2009). Finally, this claim also fails because Collins has not pleaded her claims with the particularity required by Federal Rule of Civil Procedure 9(b). *Id.* at 853. Collins alleges that both Aurora hospitals "have submitted Medicare and Medicaid claims for payment of services . . . rendered [from] October 1, 1990 to 2022 without being accredited by the Joint Commission,"

(ECF No. 1 ¶73), but generalized allegations of 33 years of fraudulent payments are insufficient to satisfy Rule 9(b). For all these reasons, Collins's *qui tam* claim pursuant to the False Claims Act must be dismissed.

Collins's attempt to assert a claim under the Federal Corrupt Practices Act, 2 U.S.C. §§ 241–56 fails because that Act was repealed in 1972. *See* Federal Election Campaign Act of 1971, Pub. L. No. 92-225, § 405, 43 Stat. 1070 (1972). Even when it was in force, it would not apply to Collins's allegations because it addressed campaign finance in federal elections. *See Fed. Election Comm'n v. Nat'l Right to Work Comm.*, 459 U.S. 197, 209 (1982). Collins appears to have invoked the statute based solely on its title.

Finally, Collins asserts a count based on a "[v]iolation of WI Statute 480 Practice Medicine Organization." This claim is confusing. Chapter 480 of the Wisconsin Statutes is entitled "Auctioneer Board." It has no relation to Collins's allegations. This claim must also be dismissed.

These many problems are not the only issues with Collins's complaint. She makes no factual allegations whatsoever concerning Ann M. Paprocki, Tamra Swistowiczis, Michele Stickell, Adebola Akinyemi, Emma Allen, Ariel Kennedy, Lindsey Hoffman, Kelly Terrab, or Ashley Ayres, beyond identifying each as an employee of Aurora, CMS, or DHS. Even if she had identified plausible claims, Collins has not alleged anything to suggest any of these individuals could be liable.

For all these reasons, the Court must dismiss Collins's complaint. The problems with the complaint demonstrate that Collins is not a lawyer. This does not mean that she is not entitled to attempt to pursue viable claims on her own behalf and without counsel, but she has fallen far short of doing so. Because she is *pro se*, the Court will give Collins leave to amend but she is advised to think carefully before she tries to do so. The Court is skeptical that Collins's allegations are sufficient to state a claim under any of the federal statutes or theories she has invoked. She may be better served by filing a new lawsuit in state court asserting state law claims for negligence and medical malpractice. The Court encourages her to consult with counsel before proceeding.

If Collins does choose to file an amended complaint in this Court, she must establish that she is the proper party to bring suit on behalf of her mother's estate and limit her claims to those sources of law that provide a civil cause of action against the defendants she names, based on the allegations she is making. Any amended complaint must also include the docket number assigned to this case and must be labeled "Amended Complaint." It will supersede her prior complaint and

must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998).

Accordingly,

**IT IS HEREBY ORDERED** that Collins's complaint, ECF No. 1, is **DISMISSED without prejudice**. If Collins wishes to proceed with this lawsuit, she must file an amended complaint. An amended complaint must be filed with the Court on or before **June 21, 2024**. If the Court does not receive Collins's amended complaint by that date, the case will be dismissed for her failure to prosecute pursuant to Civil L.R. 41(c). [4]

Dated at Milwaukee, Wisconsin on May 21, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

---

[4] Collins also filed a motion requesting e-filing privileges for this case. (ECF No. 2.) Because Collins's complaint will be dismissed, her motion is also denied as moot.