UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANDA V COLLINS individually
And as Administrator of the Estate of
Veronica Lee Collins Dixon,

           Plaintiff,

                                                          Case No. 24-cv-0490-bhl

    v.

ADVOCATE HEALTH CARE METRO, et al,

           Defendants.

## ORDER GRANTING DEFENDANT'S MOTION FOR A PROTECTIVE ORDER AND DENYING PLAINTIFF'S MOTION TO COMPEL

        On January 5, 2026, Defendant Advocate Aurora Health Inc. (Aurora), filed an expedited motion for a protective order. (ECF No. 39.) Two days later, Plaintiff Shawanda Collins filed a brief opposing the motion. (ECF No. 42.) Collins also filed an initial motion to compel Aurora to respond to her first set of discovery requests, which she then withdrew in favor of a Civil Local Rule 7(h) expedited motion seeking the same relief. (ECF Nos. 41 & 43.) Aurora responded to the Rule 7(h) motion on January 15, 2026. (ECF No. 44.) Based on the parties' filings, the Court will grant Aurora's motion for a protective order and deny Collins's motion to compel.

        Collins's motion to compel asserts that Aurora failed to respond timely to discovery requests she served on December 2, 2025. (ECF No. 43 at 2.) The record confirms, however, that Collins amended her December 2, 2025 discovery requests on December 18, 2026, (ECF No. 40-1 at 8), which served to extend Aurora's deadline to respond. Under Federal Rules of Civil Procedure 33(b)(2) & 34(b)(2)(A) Aurora had 30 days from the date of service to respond to Collins's interrogatories and requests for production. When she amended her requests on December 18, 2026, this deadline reset. Aurora's response is therefore not late. In addition, Aurora asserts it has already produced the requested documents and answers. (ECF No. 44 at 2.) For these reasons, Collins's motion to compel is denied.

Aurora's motion for a protective order was accompanied by a separate declaration establishing good cause. (ECF Nos. 39 & 40.) The declaration established that Collins's discovery requests included contact information of current and former Aurora employees, results of confidential internal investigations, and internal hospital risk management and public safety policies. (ECF No. 40 at 2.) Collins accuses Aurora of improperly attempting to delay discovery after missing a discovery deadline through its motion. (ECF No. 42 at 1–2.) As discussed above, the deadline for Aurora to respond has not yet passed and Collins's accusation is misplaced. Similarly, Aurora has identified the information it believes requires protection and has complied with the requirements of Federal Rule of Civil Procedure 26(c) in moving for a protective order. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943 (7th Cir. 1999). The Court will grant Defendant's motion for a protective order.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to compel, ECF No. 43, is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's motion for a protective order, ECF No. 39, is **GRANTED**. The Court will enter the protective order in a separate document.

Dated at Milwaukee, Wisconsin on January 16, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge