UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SHAWANDA V. COLLINS,

        Plaintiff,

                                    Case No. 24-cv-0490-bhl

    v.

ADVOCATE AURORA HEALTH INC, et al,

        Defendants.

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION, AWARDING ATTORNEYS' FEES, AND DISMISSING ACTION AS A SANCTION

In this lawsuit, Plaintiff Shawanda Collins, proceeding without an attorney, asserts a number of claims against Defendant Advocate Aurora Health Inc. (Aurora) based on accusations that it discriminated against her on the basis of her race when it prevented her from visiting her mother, who was being treated at an Aurora affiliated hospital.[1] On February 27, 2026, the Court conducted a telephone hearing on three discovery-related motions filed by Collins. (ECF Nos. 64 & 65.) In the first motion, Collins asked the Court to sanction Aurora and its counsel for producing her own medical records *to her* in response to an interrogatory. (ECF No. 48; ECF No. 48-2 at 12.) The second motion accused Aurora of failing to provide documents and information and asked the Court to compel Aurora to supplement its discovery responses. (ECF No. 49.) The third motion came after Collins had filed a separate state court lawsuit against Aurora, Quarles & Brady LLP, and two individual attorneys, alleging that their production to Collins of her own medical records during discovery violated her rights. (ECF No. 52.) Collins insisted opposing counsel and their law firm should be disqualified from representing Aurora in this Court based on an alleged conflict of interest arising from Collins's state court lawsuit. (ECF No. 60.)

---

[1] While most of Collins's claims survived Aurora's motion to dismiss, (ECF No. 31), Collins's own filings have undermined the accusations underlying her claims. In relation to two discovery motions, Collins filed part of Aurora's discovery responses, which indicate that Aurora maintains that Collins was excluded based on her mother's request that she not be permitted to visit, as well as an audio recording of a telephone call between Collins and her mother in which her mother requested that Collins not visit her at the hospital. (ECF No. 48-2; ECF No. 51.)

During the telephone hearing, the Court ordered minor supplementation of Aurora's discovery responses but otherwise denied Collins's requests for relief. (ECF No. 64.) The Court found Collins's motions for sanctions and disqualification frivolous and awarded Aurora attorneys' fees for having to respond to both. (*Id.*; ECF No. 65 at 5.) As the Court explained, contrary to Collins's assertions, counsel's production of Collins's health care records to her was appropriate under Federal Rule of Civil Procedure 33(d) and did not violate her rights or harm her in any way. The Court instructed Collins that if she had concerns with counsel's conduct, she needed to raise her complaints with the Court rather than attacking counsel in a collateral proceeding. (ECF No. 64.) The Court then specifically found Collins had acted in bad faith in suing opposing counsel and then seeking their disqualification, and gave her seven days—until March 6, 2026—to dismiss her state court lawsuit as a condition of proceeding with her federal claim. (ECF No. 65 at 4–5.) The Court alerted Collins that it would impose a further sanction and dismiss her claims on the merits if she persisted with her attack on opposing counsel. (*Id.* at 5.)

Since the Court's ruling, Collins has filed several additional documents in which she continues to accuse counsel of misconduct, indicates her disagreement with the Court's ruling, and confirms she will not comply with the Court's order. On March 2, 2026, Collins filed a "combined motion for reconsideration under Rule 59(e) and formal objection to the Court's order on February 27, 2026." (ECF No. 66.) Three days later, she filed a "Statement of Non-Compliance," indicating that she refuses to dismiss her state court lawsuit. (ECF No. 67.) On March 13, 2026, Collins filed two expedited motions in which she seeks extra time to respond to Aurora's "retaliatory" discovery requests, a protective order, and a stay of discovery. (ECF Nos. 71 & 72.) She also filed a "notice of non-waiver" of her objections to Aurora's discovery requests and a reply in support of her motion for reconsideration. (ECF Nos. 73 & 74.) On March 26, 2026, Collins filed objections to Aurora's fee petition. (ECF No. 77.)

Collins's request for reconsideration is denied. She has not identified any basis for the Court to alter its ruling. Instead, she makes baseless accusations against opposing counsel and raises arguments this Court has already rejected. In light of Collins's confirmed refusal to comply with the Court's prior order, the Court will dismiss this action as a sanction, consistent with its February 27, 2026 ruling. (ECF Nos. 64, 65, & 68.) Aurora will also be awarded its requested fees for having to respond to Collins's frivolous motions, subject to two small revisions. (ECF Nos.

64, 65, 68, & 70.) The Court has shown Collins patience as an unrepresented litigant, but her *pro se* status does not entitle her to abuse opposing counsel or disregard Court orders that she does not like. *See Downs v. Westphal*, 78 F.3d 1252, 1257 (7th Cir. 1996). She was given the chance to continue this case by ending her meritless state court attack on opposing counsel, but she has declined that opportunity. Accordingly, for the reasons stated below and at the prior hearing, Collins's case will be dismissed. Her other motions will be denied as moot. (ECF Nos. 71 & 72.)

## ANALYSIS

### A. Collins's Motion for Reconsideration Is Denied.

Collins asks the Court to reconsider its February 27, 2026 discovery and sanctions order under Federal Rule of Civil Procedure 59(e). Rule 59(e) allows a party to move the court for reconsideration of a final judgment within 28 days following the entry of the judgment. Because the Court's order is not final, the appropriate rule is technically Rule 54(b), but courts often treat requests to reconsider pre-judgment orders under the Rule 59(e) framework. *See Galvan v. Norberg*, 678 F.3d 581, 587 n.3 (7th Cir. 2012) (explaining that non-final orders may be revised under Federal Rule of Civil Procedure 54(b) and are similar to Rule 59(e) motions); *see also Ghashiyah v. Frank*, No. 05-C-0766, 2008 WL 680203, at *3 (E.D. Wis. Mar. 1, 2008) (noting that motions to reconsider an order under Rule 54(b) are judged using effectively the same standards as motions under Rule 59(e)). To prevail, a movant must clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Blue v. Hartford Life & Accident Ins. Co.*, 698 F.3d 587, 598 (7th Cir. 2012). A manifest error of law refers to the disregard, misapplication, or misidentification of controlling precedent. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation omitted). Parties may not use a motion for reconsideration to advance new arguments or theories that they should have raised before the Court rendered a judgment or to present evidence that they could have presented earlier. *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012) (citing *LB Credit Corp. v. Resol. Tr. Corp.*, 49 F.3d 1263, 1267 (7th Cir. 1995)).

Collins's motion largely does not engage with the basis for the Court's prior ruling: that defense counsel's discovery conduct was appropriate and Collins's attacks on opposing counsel are frivolous and undertaken in bad faith. Instead, Collins continues to make meritless arguments and false accusations.

Collins first seizes upon the timing of the Court's entry of the protective order in this case, claiming that a statement made by the Court during the telephone hearing—that Aurora had produced her medical records to her subject to a protective order—was a "manifest error" of fact, warranting reconsideration of the Court's rulings. (ECF No. 66 at 1.) Collins highlights that the protective order in this case was not entered until January 16, 2026, one day *after* Aurora produced her medical records. (*Id*.) Collins's invocation of the protective order is a red herring, and the timing of the entry of that order has nothing to do with the merits of the Court's ruling.

The record confirms that Collins served Aurora with an interrogatory asking for a list of all dates she was treated at an Aurora-affiliated provider. (ECF No. 48-2 at 12.) Although Collins now complains that this information is irrelevant to this lawsuit, (ECF No. 48 at 4), she brought the matter into the case herself through her own discovery request. Aurora responded by objecting on relevance grounds but proceeded to produce Collins's medical records to her, invoking Rule 33(d) and pointing out that Collins could compile her own list of treatment dates from the records as easily as Aurora or its counsel. (ECF No. 48-2 at 12.) As explained at the prior hearing, this response was entirely proper based on the plain terms of Rule 33(d). Collins's claims that her receipt of her own medical records somehow harmed her is unsupported. She cannot have been legitimately harmed by receiving her own medical records from her own medical provider.

While Collins is technically correct that the production was made one day before the Court signed the protective order, this has nothing to do with the substance of the Court's sanctions ruling. Her accusations against opposing counsel thus fail regardless of the protective order. The Court's reference to the protective order during the February 27, 2026 hearing was intended to emphasize the frivolousness of Collins's claim that she was harmed by the document production. Sensitive documents are produced subject to protective orders every day. Moreover, in terms of timing, Aurora had already moved for a protective order on January 5, 2026, well *before* it responded to the discovery at issue, and any delay in entry of the order was caused by Collins's own *opposition* to Aurora's motion. (ECF Nos. 39 & 42.) Responsibly anticipating the Court's entry of the order, Aurora marked its production "Confidential" as required by the protective order's terms. (ECF No. 55 ¶5.) At this point, the documents are unquestionably subject to the protections of that order. In sum, counsel did nothing to disclose or otherwise expose Collins's medical records to any third party and her claimed privacy violations are simply baseless. She asserted in her motion for sanctions that counsel "prejudiced [her] ability to litigate her claims"

but that claim remains unsupported and makes no sense. (*See* ECF No. 48 at 1.) The Court's findings that Collins's request for sanctions and her motion to disqualify opposing counsel were frivolous and undertaken in bad faith remain correct, regardless of the existence of the protective order or the date it was entered.

Collins also argues the Court made a manifest error of law in concluding that Rule 33(d) allowed Aurora to produce her medical records to her in response to her interrogatory. (ECF No. 66 at 2.) She further insists that Wis. Stat. §146.82 and Health Insurance Portability and Accountability Act (HIPPA) made Aurora's production of her medical records to her unlawful and barred counsel from using Rule 33(d). (*Id.*) Collins's argument remains wrong on the law. A medical care provider's production of medical records to its patient in response to the patient's own discovery request does not violate Section 146.82 or HIPPA. Section 146.82 provides that patient health care records are confidential and can only be released *to third parties* without consent under certain limited circumstances, but Wis. Stat. §146.83 creates a right of access for patients and provides that patients *must* be able to access their own health care records. Collins is not a third party; she is the patient. Similarly, while HIPAA generally prohibits the disclosure of protected health information without an individual's authorization, disclosure is permitted to the *person who is the subject of the record*. *See* 45 C.F.R. §164.502(a)(1)(i) ("A covered entity is permitted to . . . disclose protected health information . . . to the individual").[2] HIPAA also provides a right of access for patients. *See* 45 C.F.R. §164.524(a). As for Rule 33(d), the Court appreciates that Collins is not a lawyer, but she has failed to read and understand the plain terms of the rule. Aurora's production of Collins's medical records from its own files in response to her request for a list of the treatment dates reflected in those files is a textbook application of the rule. Rather than requiring Aurora to incur the cost of having its lawyers review her records to compile the list she requested, Rule 33(d) allowed Aurora to provide the documents to Collins so she could create her own list. Collins offers nothing new in support of her position. Because these arguments were already raised and rejected at the February 27, 2026 hearing, they are not a basis for relief under Rule 59(e). *See Miller*, 683 F.3d at 813.

---

[2] Another applicable exception provides that Aurora may use and disclose personal health information to arrange for legal services that are related to its role as a healthcare provider, like defending against Collins's allegations that it discriminated against her. *See* 45 C.F.R. §164.501.

Collins next "formally objects to the Court's requirement that she dismiss her State Court lawsuit." (ECF No. 66 at 2.) She asserts that under the Anti-Injunction Act, 28 U.S.C. §2283, this Court does not have jurisdiction to enjoin or force the dismissal of a pending state court action. (*Id*.) Collins does not develop this argument, but it fails for at least two reasons. First, the Anti-Injunction Act prohibits a federal court from granting an injunction to stay parallel proceedings in a state court. The Court's order here does not attempt to enjoin Collins's state court lawsuit. Rather, it is a conditional sanction against Collins, a litigant before this Court. To protect counsel from having to deal with Collins's frivolous collateral attacks while also trying to represent their client here, the Court ordered that Collins needed to drop her state court lawsuit if she wished to continue her claims in this Court. No injunction has been entered or threatened. Collins may continue to pursue her claims in state court, but she cannot pursue those claims and also maintain this federal lawsuit. As she has indicated that she will not drop her state court claims against counsel, (ECF No. 67), her federal claims will be dismissed as a sanction.

Second, even if the conditional sanction could be construed as an injunction, the Anti-Injunction Act allows the court to enter such relief "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. §2283. As the Court noted in its order, the "continuance of the state court lawsuit interferes with this Court's jurisdiction." (ECF No. 65 at 5.) Collins's gambit to disqualify opposing counsel, by filing a frivolous state court lawsuit and then using that lawsuit as a basis to attempt disqualification of opposing counsel, threatens to improperly impede this Court's ability to adjudicate this case. Collins's attempt to reach a different result in state court, after losing here, would also threaten to negate the Court's finding about Aurora's conduct during discovery, exposing Aurora to attacks on the same issue already rejected here. *See Feltner v. Title Search Co.*, 283 F.3d 838, 841–42 (7th Cir. 2002) (affirming contempt sanctions against party that attempted to relitigate matters decided by federal court in Indiana state court). The Court has an obligation to ensure that parties (including those proceeding *pro se*) conduct themselves appropriately while litigating in this Court. The Court also has a duty to respond to Collins's bad faith conduct and protect counsel from her efforts to interfere with their client's ability to choose its own representation. The Court thus acted within its power in conditioning Collins's continued maintenance of this action on her ending her state court attack on opposing counsel for representing their client. *See Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46–50 (1991) ("[A] court has

the inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct.")).  Collins has subjected herself to this Court's jurisdiction and the Court has the power to shield Aurora and its chosen counsel from her collateral attacks on them for their actions in this case.  Collins's arguments to the contrary do not merit granting relief from the Court's order.

### B.  The Court Will Award Aurora $7,325.20 in Attorneys' Fees.

In its discovery and sanctions order, the Court ruled that Aurora was entitled to recover its attorneys' fees related to its response to Collins's frivolous motion for sanctions and motion to disqualify opposing counsel.  (ECF No. 65 at 4–5.)  As directed in the order, Aurora has submitted a declaration from counsel that, among other things, summarizes the costs and fees it incurred in responding to Collins's frivolous motions.  (ECF No. 70.)   According to the declaration, Aurora incurred fees of approximately $10,278.40 to defend Collins's motions for sanctions and for disqualification.  (*Id.* ¶5.)   The declaration is signed under penalty of perjury and attaches billing records supporting the identified amount.  (*Id.* & ECF No. 70-2.)

On March 18, 2026, the Court entered a text-only order, allowing Collins a chance to respond to Aurora's fee request.  (ECF No. 76.)  Collins then filed objections on March 26, 2026.  (ECF No. 77.)  Most of Collins's objections are without merit, but she has identified two time entries that warrant discussion.  (ECF No. 77 at 6–7 (citing ECF No. 77-2 at 2).)  As explained below, the Court will reduce Aurora's requested fee award to account for the two items Collins has identified but otherwise deny her objections.

Collins offers a global objection that awarding fees at this time is "procedurally improper" and "premature" because the Court has not yet ruled on several of her motions.  (ECF No. 77 at 1–2.)  Collins cites *Cunningham v. Hamilton County*, 527 U.S. 198 (1999), in support of the proposition that "a sanctions award cannot be finalized while the underlying order is still under consideration." (*Id.* at 3.)  Collins misunderstands *Cunningham*.  In that case, the Supreme Court held that an order imposing sanctions under Federal Rule of Civil Procedure 37(a)(4) was not immediately appealable because it was not a final decision of the district court.  527 U.S. at 200–03.  *Cunningham* does not address the significance that pending motions filed in the same district court have on a sanctions order or suggest that the existence of pending motions would make it

improper for a district court to sanction a party before it. Given the Court's denial of Collins's motion for reconsideration, this argument is now moot in any event.

Collins raises two relevant objections to the billing entries themselves. Collins first objects to a January 14, 2026 billing entry for $34.80 that appears to relate to an earlier motion to compel. (ECF No. 77 at 6; ECF No. 70-2 at 5.) As this entry predates Collins's motion for sanctions, the Court agrees that this sum is not recoverable under the Court's order. Next, Collins objects to an entry that includes charges for counsel's review of audio recordings. (ECF No. 77 at 7; ECF No. 70-2 at 2 ("analyze supplemental production of audio recordings from Plaintiffs' supplemental initial productions").) While other items in this entry plainly relate to the motion for sanctions, Aurora has not explained how the review of audio recordings relates to either the motion for sanctions or motion to disqualify counsel. Rather than attempting to apportion this entry, the Court will simply exclude the entire entry ($2,918.40) from Aurora's fee award.

Collins raises a host of other objections, but all are meritless. Collins asserts that Aurora improperly included hours spent working on responding to her motion to compel and "arbitrarily allocated 1/3 of entries to sanctions" contrary to the Court's Order and Federal Rule of Civil Procedure 54(d)(2)(B)(iii). (ECF No. 77 at 6 (internal quotations omitted).) The record shows that Aurora reduced the amount claimed to account for the fact that some of the work was done to respond to Collins's motion to compel. The timing of Collins's filings makes it unsurprising that counsel completed tasks related to the motion for sanctions and motion to compel in the same session. Second, Collins asserts that Aurora researched HIPAA issues unnecessarily because her "sanctions motion did not raise HIPAA issues." (ECF No. 77 at 6–7.) This is disingenuous, if not false; Collins's motion for sanctions argued that Aurora's conduct violated HIPAA, (ECF No. 48 at 3), and counsel was justified in researching that issue. Third, Collins asserts that "Rule 11, §1927," and *Hensley v. Eckerhart*, 461 U.S. 424 (1983)[3] do not support billing for internal strategy meetings. (ECF No. 77 at 7.) But strategy meetings conducted to respond to Collins's motions fall directly within the Court's ruling granting attorneys' fees. Fourth, Collins asserts that Aurora improperly billed for work on the disqualification motion before it was filed. (ECF No. 77 at 7.) This is an example of Collins taking an incorrect position based on her jumping to an erroneous

---

[3] *Hensley* involved attorneys' fees awarded under 42 U.S.C. §1988 and held that, when awarding fees under the statute, the Court must consider the extent of a plaintiff's success (in that plaintiffs cannot recover fees for claims that were unsuccessful). 461 U.S. at 440. This holding is inapplicable to whether internal strategy meetings are recoverable attorneys' fees.

conclusion (something she has a habit of doing). She objects to January 28, 2026 and January 29, 2026 entries, but both are related to Aurora's response to the motion for sanctions and are thus covered by the Court's order awarding fees. (*See* ECF No. 70-2 at 2 ("Respond to Ms. Collins' assertions related to *motion for sanctions*" and "[s]trategize and suggest updates to *motion against sanctions*.").) Fifth, Collins objects to Attorney Anderson's entry for supporting Attorney Krajewski during the motion hearing and completing follow up correspondence. (ECF No. 77 at 7–8.) The Court finds it reasonable for Attorney Anderson to bill Aurora for her time spent supporting her colleague, while he represented Aurora during the hearing, and for tasks that occurred after the hearing. Sixth, Collins argues Aurora's hours are grossly inflated and that it was excessive to bill 72 total hours for "two short Rule 7(h) motions." (*Id.* at 8.) This is again wrong factually. Quarles & Brady billed only 30.7 hours in relation to these two motions. Moreover, the Court rejects Collins's attempt to downplay her motions and the work required to properly respond to motions within the appropriate deadline. Collins herself ignored the page limits and procedural requirements of Civil Local Rule 7(h) and filed reply briefs in support of both requests without the Court's leave. The Court finds the time counsel spent responding to Collins's motions was reasonable. Last, Collins asserts the entire declaration and billing document violate Federal Rule 54(d)(2)(B), but Aurora has not filed a motion for attorneys' fees. Aurora filed its declaration and supporting materials pursuant to the Court's order. Moreover, Collin's assertion that Aurora's request for $10,278.40 is "without explanation" does not reflect the record at all. (*Compare* ECF No. 77 at 8 *with* ECF No. 70-2 at 2; ECF No. 70 ¶5.)

Based on the foregoing, the Court will order Collins to pay Aurora $7,325.20 in attorneys' fees for her frivolous filings by May 20, 2026.

### C. Consistent with the Court's Prior Order, Collins's Case Will Be Dismissed as a Sanction for Her Bad Faith Conduct.

Finally, the Court will dismiss this action as a sanction for Collins's continued maintenance of her frivolous state court lawsuit against Aurora and opposing counsel. At the February 27, 2026 hearing, the Court found that Collins's actions in accusing opposing counsel of discovery misconduct, filing a separate, frivolous state court lawsuit against Aurora and its counsel, and then filing a frivolous motion to disqualify opposing counsel based on the existence of the state court lawsuit, demonstrated a willful abuse of the court system and the judicial process. (ECF No. 68 at 41:8–42:20.) The Court imposed a conditional sanction on Collins and instructed her that if she

did not dismiss her state court lawsuit within seven days, the Court would dismiss this lawsuit as a sanction. (*Id.* at 42:20–43:14.) Collins has not dismissed her state court case and has indicated that she will not comply with the Court's order. (ECF No. 67.) The Court will therefore dismiss this action with prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Collins's motion for reconsideration, ECF No. 66, is **DENIED.**

**IT IS FURTHER ORDERED** that Collins's claims are **DISMISSED with prejudice** as a sanction, as described in the Court's earlier order. (ECF Nos. 64, 65, 68.) The Clerk is directed to enter judgment accordingly.

**IT IS FURTHER ORDERED** that Collins's motion for an extension of time, ECF No. 71, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Collins's motion for a protective order, ECF No. 72, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Collins's motion to stay discovery, ECF No. 72, is **DENIED as moot.**

**IT IS FURTHER ORDERED** that Plaintiff Collins shall pay to Defendant Aurora attorneys' fees in the amount of $7,325.20, for fees incurred in defending Collins's motion for sanctions and motion to disqualify opposing counsel, by May 20, 2026.

Dated at Milwaukee, Wisconsin on April 20, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge