SHAWANDA V COLLINS individually
And as Administrator of the Estate of
Veronica Lee Collins Dixon,

        Plaintiff,

           Case No. 24-cv-0490-bhl

        v.

ADVOCATE AURORA HEALTH INC, et al,

        Defendants.

## ORDER GRANTING PLAINTIFF'S MOTION IN PART

On April 20, 2026, the Court entered an order dismissing this action, denying several pending motions rendered moot by the dismissal, denying Plaintiff Shawanda Collins's motion for reconsideration of an earlier order, and awarding Defendant Advocate Aurora Health Inc. (Aurora) attorneys' fees incurred in responding to two of Collins's motions. (ECF No. 79.) On May 7, 2026, Collins appealed the Court's order. (ECF No. 81.) On May 27, 2026, Collins filed a motion to supplement and correct the record under Federal Rule of Appellate Procedure 10(e). (ECF No. 87.) Aurora did not respond to this motion. The Court will grant Collins's motion in part.

### LEGAL STANDARD

Federal Rule of Appellate Procedure 10(a) provides that "the original papers and exhibits filed in the district court; the transcript of proceedings . . . and a certified copy of the docket entries prepared by the district clerk" constitute the record on appeal. Rule 10(e)(1) provides that, "if any difference arises about whether the record truly discloses what occurred in the district court" the district court must settle that difference and "the record conformed accordingly." Fed. R. App. P. 10(e)(1). Further, "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded" on the parties' stipulation, by the district court, or by the court of appeals. Fed. R. App. 10(e)(2). The purpose of this rule is "to ensure that the record reflects what

really happened in the district court[.]" *Gallo v. Mayo Clinic Health System-Franciscan Med. Ctr., Inc.*, 907 F.3d 961, 964 (7th Cir. 2018).

## ANALYSIS

Collins raises four concerns in her motion: (1) Collins wants to confirm that audio recordings, currently docketed with placeholders, (ECF Nos. 49-2; 49-3; & 49-4), are part of the record and available to the Court of Appeals; (2) Collins asserts that a letter erroneously filed by Aurora, ECF No. 78, is a "fugitive document" that must be "termed or removed"; (3) Collins requests confirmation that the transcript of the February 27, 2026 hearing is part of the record; and (4) Collins argues that the Court denying several motions as moot "acts as an attempt to sanitize the docket," and "those documents are preserved by [Collins] and should be made available to the Seventh Circuit Court of Appeals[.]" (ECF No. 87 at 2.) Some of these requests reflect a misunderstanding of the docket and the content of the record in this Court and on appeal. The Court will address each concern in turn.

First, the Court can confirm that the audio recordings that Collins filed with the Court are a part of the record on appeal. Collins filed these recordings on January 27, 2026 and the Clerk noted their physical filing with placeholder entries on the electronic docket. (ECF Nos. 49 & 51.) Because the audio recordings are exhibits filed with the Court, they are part of the record on appeal and are available to the Court of Appeals. *See* Fed. R. App. P. 10(a).

Second, the docket shows that Aurora erroneously filed a letter (and hearing transcript) on the docket in this case. (ECF No. 78.) As is apparent from the letter, and as Aurora has acknowledged, the letter and enclosure were intended for filing in the state court where Collins sued Aurora and its counsel. Aurora acknowledged the filing mistake and the docket correctly reflects that the letter and attachment were "filed in error." (*Id.*) Given that the document was actually filed with the Court, the docket properly records its filing. Collins's rights have not been impacted by the erroneous filing or the accurate reflection of that filing on the docket.

Third, the Court can confirm that both the audio recording and transcript of the February 27, 2026 hearing are part of the record. (ECF Nos. 64 & 68.) They are both available electronically on the docket.

Fourth, Collins objects that the Court denied some of her motions as moot and implies some ill intent by the Court to interfere with her appellate rights. (ECF No. 87 at 2.) She is mistaken. Given the Court's dismissal of her case, ruling on her other motions was unnecessary

and, in legal terms, they became moot.  The motions themselves remain a part of the record and Collins is free to reference them in her arguments on appeal to the extent she thinks them relevant. Fed. R. App. P. 10(a).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to supplement and correct the record under Fed. R. App. P. 10(e), ECF No. 87, is **GRANTED in part** and **DENIED in part**.

Dated at Milwaukee, Wisconsin on June 24, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge